ORIGINAL
C.T-J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 DEC 19 PM 3: 25

CLERK OF COURT
MM

KENNETH LAMOTHE
    Plaintiff

-v-

RESIDENT COLLECT INC.
    Defendant

_____/

Case 4:14-CV-1034-A

# COMPLAINT

Plaintiff, KENNETH LAMOTHE, individually, hereby sues Defendant RESIDENT COLLECT INC for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227, Texas Business and Commerce Code (TBCC) Title 10 Chapter 305. Subchapter A Sec. 305.053 and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227 ET,AL, Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c(a),ET, AL, TBCC Title 10 Chapter 305. Subchapter A Sec. 305.053 ET, AL

2. Upon belief and information, Plaintiff contends that many of these practices are widespread and common actions of the Defendant.

3. Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), 28 U.S.C. §1367, and supplemental jurisdiction exists for the state law claims pursuant to Sec. 305.053.

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $15,000.00.

## PARTIES

7. Plaintiff, KENNETH LAMOTHE, is a natural person and is a resident of Tarrant County, Texas.

8. Upon information and belief Defendant, RESIDENT COLLECT INC ("RCI") is a foreign corporation, authorized to do business in Texas.

9. Defendant RCI is a debt collector, subject to the FDCPA, 15 U.S.C. §1692 & seq.

## FACTUAL ALLEGATIONS

10. Plaintiff has no prior or present business relationship with the Defendant RCI.

11. Plaintiff has never given Defendant express written permission to call Plaintiff's cellular phone.

12. Plaintiff has no contractual obligation to pay Defendant.

13. On or about April 09, 2014 at 10:14 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

14. On or about May 07, 2014 at 11:11 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

15. On or about May 08, 2014 at 1:17 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

16. On or about May 09, 2014 at 2:39 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

17. On or about June 09, 2014 at 2:39 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

18. On or about June 09, 2014 at 2:42 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

19. On or about June 09, 2014 at 2:47 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

20. On or about June 09, 2014 at 2:48 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

21. On or about June 19, 2014 at 9:42 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

22. On or about June 19, 2014 at 12:45 p.m Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

23. On or about September 15, 2014 at 9:44 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

24. On or about September 16, 2014 at 10:05 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

25. On or about October 16 at 1:07 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

26. On or about October 16 at 1:09 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

27. On or about November 03 at 7:17a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT RESIDENT COLLECT INC

28. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

29. Defendant RCI have demonstrated willful or knowing non- compliance with 47 U.S.C. §227(b)(1)(A) and Sec. 305.053 of TBCC by using an automatic telephone dialing system to call the Plaintiff's number.

30. 47 U.S.C. §227(b)(1)(A) states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

31. Defendant has called the Plaintiffs phone no less than 15 times using an ATDS.

32. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and Sec. 305.053 of TBCC by calling the Plaintiff's number no less than 15 times and using an automatic dialing system and a

| | |
|---|---|
| | prerecorded voice. The 15 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. |
| 33. | Plaintiff spoke with Defendant employee on or about April 09, 2014 asking RCI to stop calling plaintiff's cellular phone. |
| 34. | Defendant assured the plaintiff would stop. |
| 35. | Defendant refuses to cease communication and appears to continues to violate 47 U.S.C. §227 and Sec. 305.053. |
| 36. | 47 U.S.C. §227 and Sec. 305.053 carries damages in the amount of $500 for each violation, and treble damages in the amount of $1500 per violation. |
| 37. | Plaintiff and RCI do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B) and Sec. 305.053. |

**WHEREFORE,** Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227 and Sec. 305.053.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT RESIDENT COLLECT INC.

| | |
|---|---|
| 38. | Plaintiff alleges and incorporates the information in paragraphs 1 through 37. |
| 39. | Defendant has called the Plaintiffs cellular phone no less than 15 times contrary to 47 U.S.C. §227(b)(1)(A)(iii) and Sec. 305.053. |
| 40. | 47 U.S.C. §227(b)(1)(A)(iii) states in part; |

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

41. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) and Sec. 305.053 by calling the Plaintiff's number no less than 15 times, which is assigned to a cellular telephone service. The Plaintiff has never given RCI permission to call Plaintiffs cellular phone.

42. The 15 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) and Sec. 305.053 as they were intentional.

43. Plaintiff spoke with Defendant employee on or about April 09, 2014 asking RCI to stop calling plaintiff's cellular phone.

44. Defendant refuses to cease communication and continues to violate 47 U.S.C. and Sec. 305.053

45. 47 U.S.C. §227 and Sec. 305.053 carries damages in the amount of $500 for each violation, and treble damages in the amount of $1500 per violation.

46. Plaintiff and RCI do not have an established business relationship within the meaning of 47 U.S.C. §227 and Sec. 305.053.

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

41. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) and Sec. 305.053 by calling the Plaintiff's number no less than 15 times, which is assigned to a cellular telephone service. The Plaintiff has never given RCI permission to call Plaintiffs cellular phone.

42. The 15 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) and Sec. 305.053 as they were intentional.

43. Plaintiff spoke with Defendant employee on or about April 09, 2014 asking RCI to stop calling plaintiff's cellular phone.

44. Defendant refuses to cease communication and continues to violate 47 U.S.C. and Sec. 305.053

45. 47 U.S.C. §227 and Sec. 305.053 carries damages in the amount of $500 for each violation, and treble damages in the amount of $1500 per violation.

46. Plaintiff and RCI do not have an established business relationship within the meaning of 47 U.S.C. §227 and Sec. 305.053.

47. Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. §227(b)(3)(B) and Sec. 305.053

**WHEREFORE,** Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227 and Sec. 305.053.

### COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692c(a)(1) BY DEFENDANT RESIDENT COLLECT INC.

48. Plaintiff alleges and incorporates the information in paragraphs 1 through 47.

49. Defendant placed no less than 15 telephone calls to the Plaintiff's cellular telephone.

50. Defendant knew or should have known that the phone calls made were inconvenient to the consumer.

51. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's cellular phone on September 15, 2014 at 9:44 p.m. with no prior permission given by Plaintiff.

52. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's cellular phone on November 03, 2014 at 7:17 a.m. with no prior permission given by Plaintiff.

53. Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

54. 15 U.S.C. §1692c(a)(1) states in part;

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY.
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector

may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

**WHEREFORE**, Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT IV
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692b(3) BY DEFENDANT RESIDENT COLLECT INC.

55. Plaintiff alleges and incorporates the information in paragraphs 1 through 54.

56. Defendant violated 15 U.S.C. §1692b(3) by calling Plaintiff's mother home phone number, no less than 2 time without requesting to do so and with no prior permission given by the Plaintiff.

57. Such communication is prohibited by 15 U.S.C. §1692b(3).

58. 15 U.S.C. §1692b(3) states in part;

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

(3) Not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

**WHEREFORE**, Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5) BY DEFENDANT RESIDENT COLLECT INC.

59. Plaintiff alleges and incorporates the information in paragraphs 1 through 58.

60. Defendant violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 15 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

61. This intentional and repeated calling by RCI has caused the Plaintiff undue stress, relationship issues, nervousness and embarrassment.

62. 15 U.S.C. §1692d(5) states in part;

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(6) BY DEFENDANT RESIDENT COLLECT INC.

63. Plaintiff alleges and incorporates the information in paragraphs 1 through 62.

64. Defendant violated 15 U.S.C. §1692d(6) by calling the Plaintiff without meaningful disclosure of the caller's identity no less than 15 times and with no prior permission given by Plaintiff.

65. 15 U.S.C. §1692d(6) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE**, Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT VII
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANT RESIDENT COLLECT INC.

66. Plaintiff alleges and incorporates the information in paragraphs 1 through 65.

67. Defendants violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

68. 15 U.S.C. §1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

**COUNT VIII**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(11) BY DEFENDANT RESIDENT COLLECT INC.**

69. Plaintiff alleges and incorporates the information in paragraphs 1 through 68.

70. Defendant violated 15 U.S.C. §1692e(11) by failing to notify the Plaintiff that the Defendant RCI was "attempting to collect a debt and that any information obtained will be used for that purpose" in the initial communication with the Plaintiff, which was oral.

71. Defendant violated 15 U.S.C. §1692e(11) by calling the Plaintiff's telephone no less than 15 times and failing to disclose in any one of those 15 subsequent communications that the communication is from a debt collector.

72. 15 U.S.C. §1692e(11) states in part;

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

WHEREFORE, Plaintiff demands judgment for damages against RCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

Respectfully Submitted,

*[signature]*

YOUR NAME

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 19th of December, 2014

*[signature]*

KENNETH LAMOTHE
9309 Water Oak Ct
Arlington TX 76002
817-825-9600
kenlamothe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 19th day of December, 2014.

Respectfully,

*[signature]*

KENNETH LAMOTHE
9309 Water Oak Ct
Arlington TX 76002
kenlamothe@gmail.com